IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06-CV-215-JHP ) |
| BRITT PAULK INSURANCE AGENCY, INCORPORATED, a foreign corporation, and ARGENIA, INC., a foreign corporation, | ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| ARGENIA, INC., a foreign corporation, and BRITT PAULK INSURANCE AGENCY, a foreign corporation, | ) ) ) ) |
| Defendants / Third Party Plaintiffs, | ) ) ) ) |
| REBSAMEN, INSURANCE, INC., d/b/a CROCKETT ADJUSTMENT, a foreign corporation, | ) ) ) ) |
| Third-Party Defendant. | ) |

**<u>ORDER</u>**

Now before the Court is Britt Paulk's Motion for New Trial (Dkt.# 249). The Court incorporates all prior rulings and orders and specifically references the trial record denial of the Motion for Mistrial, rulings on motions in limine, and the Order Denying Britt Paulk's Motion for Summary

1

Judgment (Dkt.# 149).

Aside from the many factual disputes resolved by the jury, NAS was entitled to bring a negligence cause of action against Britt Paulk as its agent. "Contrary to Paulk's assertions, NAS' claim does not sound in bad faith, but rather simple negligence. The Tenth Circuit has held that an insurer can recover in negligence from the agent for amounts that it paid to settle the insured's bad faith claim. Id. In such a case, the insurer must prove the agent was responsible for the insured's bad faith claim. Id. An agent in the discharge of his duties as such must exercise ordinary care, and for negligence in failing to do so he will be liable to his principal." (Court's Order (Dkt.# 149) at 8, citing *St. Paul Reinsurance Co., Ltd. v. Club Services Corp.*, 30 Fed. Appx. 834, 836 (10th Cir.(Okla.) (2002)). Additionally, this case is distinguishable from the Order this Court previously entered in *Combs v. Shelter Mutual Insurance Co.*, CIV-05-474JHP (E.Dist. Okla. Nov. 28, 2006)(Dkt.# 97). In the *Combs* case, Shelter Mutual Ins. Co. was attempting to recoup the amount it paid to settle the insured's bad faith claim **without proving the agent was responsible for the bad faith claim, in negligence or otherwise**. Shelter was relying on a contract with its agent to recoup a bad faith payment to its insured, **without proving active fault on the part of the agent**.

Further, NAS was entitled to bring a contractual indemnity claim pursuant to *In re Cooper Manufacturing Corp. v. Home Indemnity Co.*, 182 F.3d 931 (10th Cir. 1999)(*proof of an agent's "active fault resulting in the insurer's liability to the plaintiff insured may entitle the insurer to indemnity. Where, as here, an [insurer] must prove an agent's acts directly caused its liability to its insured, where active fault on the part of the agent is required, an indemnity action may lie."*). Court's Order (Dkt.# 149) at 11-12. Again, this case is distinguishable from the Order this Court previously entered in *Combs v. Shelter Mutual Insurance Co.*, CIV-05-474JHP (E.Dist. Okla. Nov. 28, 2006)(Dkt.# 97). In the *Combs* case, Shelter Mutual Ins. Co. was attempting to recoup the amount it paid to settle the

insured's bad faith claim **without proving the agent was responsible for the bad faith claim, in negligence or otherwise**. Shelter was relying on a contract with its agent to recoup a bad faith payment to its insured, **without proving active fault on the part of the agent**.

Accordingly, Britt Paulk's Motion for New Trial is denied.

**IT IS SO ORDERED** this 29th day of November, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma